IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DERRON JOHNSON, #S16950, )
)
    Plaintiff, )
)
vs. ) Case No. 17-cv-061-JPG
)
RICHARD WATSON, )
PHILLIP MCLAURIN, )
THOMAS TRICE, )
NANCY SUTHERLAND, and )
LEVI BRIDGES, )
)
    Defendants. )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Derron Johnson, an inmate currently housed in Graham Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 1), Plaintiff claims the defendants subjected him to unconstitutional conditions of confinement during his time in St. Clair County Jail ("Jail"). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

    (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
        (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Complaint

In his Complaint (Doc. 1), Plaintiff makes the following allegations: Plaintiff "was subjected to poor and inadequate living conditions, overcrowding, insects, mice, and medical issues due to filthy and poor living conditions." (Doc. 1, p. 1). Further, "[a]dequate cleaning materials were denied daily to keep the showers and toilets and other living areas clean." *Id.* Plaintiff "filed complaints through the complains [*sic*] request because there was no grievance procedure" at the Jail. (Doc. 1, p. 2). Plaintiff complained to the defendants that he was "being subjected to poor living conditions and medical issues due to not being given adequate cleaning materials to clean showers, toilets, and other living areas." *Id.* Plaintiff's complaints were never returned to him. *Id.*

Plaintiff was "subjected to sleeping on the filthy floor with only a mattress and covers while mice and insects [were] all around." *Id.* Plaintiff was also "subjected to foul odors

coming from the toilets and showers because the proper cleaning materials [were] not being passed out to clean with." *Id.* Plaintiff suffered medical issues including scabies and skin rashes stemming from uncleanly and unhealthy conditions at the Jail. *Id.* Plaintiff submitted complaints to the defendants, but they "deliberately ignored the issues by refusing to address" the situation. *Id.*

Plaintiff seeks monetary damages from Sheriff Richard Watson, Superintendent Phillip McLaurin, Captain Thomas Trice, Lieutenant Nancy Sutherland, and Sergeant Levi Bridges. (Doc. 1, pp. 2-3).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1 –** Defendants subjected Plaintiff to unconstitutional conditions of confinement while he was incarcerated at St. Clair County Jail in violation of the Fourteenth Amendment.

As discussed in more detail below, Count 1 will be dismissed without prejudice. Notably, Plaintiff has indicated in his Complaint that the defendants' actions violated the Sixth and Eighth Amendments, as well as the Fourteenth. (Doc. 1, p. 2). Assuming that Plaintiff was a pretrial detainee during his time at the Jail, it is well established that, while in the custody of state or local authorities, a pretrial detainee must be afforded certain protections under the Fourteenth Amendment. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244, (1983); *Payne v. Churchich*, 161 F.3d 1030, 1040-41 (7th Cir. 1998). These due process rights are at least as great as the protections afforded a convicted prisoner under the Eighth Amendment. *See Higgins v. Corr. Med. Servs. of Ill., Inc.*, 178 F.3d 508, 511 (7th Cir. 1999);

*Estate of Cole v. Fromm*, 94 F.3d 254, 259 n.1 (7th Cir.1996). Thus, when considering a pretrial detainee's claims concerning a constitutional deprivation that would otherwise fall under the Eighth Amendment, it is appropriate for a court to look to the analogous standards of Eighth Amendment jurisprudence. *See Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999). That being said, assuming Plaintiff was indeed a pretrial detainee during his time at the Jail, his claim does not fall under the purview of the Eighth Amendment, nor does it implicate the Sixth Amendment, which applies to criminal prosecutions and not civil actions such as this case. *See* U.S. CONST. amend. VI. Any Eighth Amendment or Sixth Amendment claim Plaintiff seeks to bring in this action is therefore dismissed. Any other intended claim that has not been recognized by the Court is also considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

At the outset, the Court has identified a fatal flaw in Plaintiff's Complaint – Plaintiff's failure to include specific allegations against specific defendants, despite his having listed several individuals at varying levels of authority in the Jail among the defendants. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). And in the case of those defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)

(citations omitted).

Plaintiff has not alleged that any *specific* defendant is "personally responsible for the deprivation of a constitutional right," and a defendant cannot be liable merely because he or she supervised a person who caused a constitutional violation, or works at an institution where a constitutional violation allegedly occurred. *Id.* Plaintiff's general allegation that he sent complaints to "the defendants" is not enough to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure or the *Twombly* pleading standard, as it does not shed light on who was involved in the alleged constitutional deprivations, in what capacity they were involved, or at what point they became involved. For this reason, Plaintiff has failed to state a claim upon which relief may be granted. The Complaint will therefore be dismissed without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file a First Amended Complaint, stating any facts which may exist to support an unconstitutional conditions of confinement claim, within 28 days of the entry of this order (on or before **July 6, 2017**). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 17-cv-061-JPG). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to the alleged conditions of confinement claim will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

Plaintiff is warned that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the First Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review

of the First Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**
**DATED: June 7, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**